United States District Court
Southern District of Texas
**ENTERED**
June 10, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REGINALD  MANUEL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-447 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, TX.  Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on October 19, 2015 to challenge a disciplinary proceeding. (D.E.1). On March 3, 2016, Respondent filed a Motion for Summary Judgment. (D.E.10). Petitioner filed a response on April 15, 2016 and a Cross-Motion for Summary Judgment on May 6, 2016. (D.E.13, D.E. 15). For the reasons stated below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED.** It is further recommended that a Certificate of Appealability be **DENIED.**

## I.     JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner is incarcerated in Bee County, Texas, which is within the Corpus Christi Division of the Southern District

of Texas. 28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.    BACKGROUND

Petitioner does not challenge his underlying conviction[1] but instead challenges a TDCJ disciplinary hearing. In disciplinary case number 20150181067, Petitioner was charged with being out of place without authorization.[2] (D.E.9-1, p. 3). The punishment included (1) the loss of thirty days' recreation privileges; (2) a thirty day suspension of Offender's Telephone System "OTS" privileges; (3) a reduction in line class from L1 to L2; and (4) the loss of 10 days good-time. Petitioner filed a Step 1 Grievance which was denied on April 8, 2015. (D.E.9-2, p. 3). Petitioner filed a Step 2 Grievance which was denied on April 29, 2015. (D.E.9-2, p. 5).[3]

On October 19, 2015, Petitioner filed the pending petition alleging due process violations and insufficient evidence at the disciplinary hearing. (D.E.1). Even accepting Petitioner's claims as true, he is not entitled to habeas corpus relief for reasons stated below.

---

[1] Petitioner pled guilty to possession of a controlled substance (cocaine) and was sentenced to a twenty-five year imprisonment on April 19, 2004. Petitioner was previously convicted of aggravated assault of a police officer and sentenced to a fifteen-year imprisonment on June 10, 1992.

[2] TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed at <http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English. pdf.>

[3] A state prisoner must generally exhaust all available state remedies before proceeding in a federal court. 28 U.S.C. § 2254(b) & (c). Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceedings before filing suit in federal court; however, they must first exhaust prison grievance procedures. *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993). TDCJ uses a two-step grievance process and a prisoner must present his claims in both steps to exhaust his administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). In this case, Petitioner filed both a Step 1 and a Step 2 grievance and has therefore exhausted his administrative remedies.

### III.   APPLICABLE LAW

#### A.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.  Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits, loss of phone privileges, loss of recreation time, and reduction in line class from L1 to L2. Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted)); *see also* FED. R. CIV. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus....").

Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000). Considering these standards, the undersigned has reviewed the merits of the Petitioner's claims and Respondent's Motion for Summary Judgment.

#### B.   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
####       28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*

507 U.S. 619, 633-34 (1993). Therefore, Petitioner must establish a constitutional violation to state a claim for federal habeas corpus relief.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state laws may create a constitutionally protected expectancy of early release in some cases. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutionally protected expectancy of early release. *Id*. To establish a constitutional violation Petitioner must show that he has a constitutionally protected expectancy of early release, i.e. that he is eligible for mandatory supervision.

## IV.    DISCUSSION

### A.  Loss of Good-Time Credits

Prisoners are not wholly stripped of all constitutional protections when imprisoned. *Wolff*, 418 U.S. at 555. A prisoner's constitutional rights are set forth in the Due Process Clause of the Fourteenth Amendment. However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition. *Madison v. Parker*, 104 F.3d

765, 767 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

Under Texas law, a TDCJ inmate can become eligible for release in two ways: "[t]he first is by parole and the second is under a mandatory supervised release program." *Madison*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, only mandatory supervision may create a "constitutional expectancy" of early release. *Malchi*, 211 F.3d at 957. However, Petitioner was previously convicted of aggravated assault of a police officer,[4] which means he is not eligible for mandatory supervision.[5] *See* Ex. B (TEX. GOV'T CODE ANN. §508.149 (a)(7) (West 2001) (stating an inmate may not be released to mandatory supervision if the inmate *has been previously convicted of* a first degree felony or a second degree felony of aggravated assault under Section 22.02, Penal Code (Aggravated Assault)(emphasis added)). Aggravated assault of a police officer is a first degree felony under Texas law. TEX. PENAL CODE § 22.02. While Petitioner is currently serving a sentence for possession of a controlled substance, a crime which would allow for mandatory supervision, Petitioner's previous conviction for aggravated assault specifically excludes him from mandatory supervision under Texas law. TEX. GOV'T

---

[4] *See* Ex. A (Petitioner's Commitment Inquiry).

[5] *See, e.g. Barksdale v. Stephens*, 2016 WL 3072197, at *2 (N.D. Tex. May 3, 2016) *report and recommendation adopted sub nom. Barksdale v. Davis*, 2016 WL 3057672 (N.D. Tex. May 31, 2016)(petitioner not eligible for mandatory supervision because of previous conviction for aggravated robbery in 1991, even though not presently serving sentence for a crime enumerated in TEX. GOV'T CODE ANN. §508.149); *see also Goolsbee v. Stephens,* 2015 WL 2219144, at *2 (S.D. Tex. May 11, 2015)("[a]n inmate may not be released to mandatory supervision if the inmate ... *has been previously convicted of* ... a [first or] second degree felony under [Section 22.02 of the Texas] Penal Code. TEX. GOV'T CODE ANN. §508.149(a)[7].")(emphasis added).

CODE §508.149(a)(7). Therefore, as Petitioner is not eligible for mandatory supervision, he has no constitutional expectancy of early release and no liberty interest in his lost good-time credits. *Malchi*, 211 F.3d at 957; *Madison*, 104 F.3d at 767-78; *Campos v. Johnson*, 958 F.Supp. 1180, 1189 (W.D. Tex. 1997); *see also* Ex. A (Petitioner's Commitment Inquiry) and Ex. B (TEX. GOV'T CODE ANN. §508.149(a)(7)).

For prisoners not eligible for mandatory supervision, good-time credits only apply toward eligibility for parole. TEX. GOV'T CODE ANN. §498.003. It is well established that because eligibility for parole is entirely speculative, there is no constitutional expectancy of parole in Texas. *See Madison*, 104 F.3d at 768. Furthermore, the Fifth Circuit has ruled that if an inmate is not eligible for mandatory supervision, he "does not have a constitutional claim for which relief can be granted." *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Consequently, loss of good-time credits does not support a constitutional claim in this instance, and Petitioner is not entitled to federal habeas corpus relief.

**B. Other Sanctions**

In addition to the loss of good-time credits, Petitioner's disciplinary hearing resulted in a reduction in line class from L1 to L2, loss of 30 days recreation time, and a 30 day suspension of Offender's Telephone System ("OTS") privileges. (D.E.9-1, p. 3). Each of these additional sanctions is a change in the condition of Petitioner's confinement. The Due Process Clause does not protect every adverse change in the condition of confinement. *Sandin*, 515 U.S. at 478. Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary

incidents of prison life do not implicate due process concerns. *Madison*, 104 F.3d at 768. As such, phone privileges, recreation limitations, and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958-59.

While Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. As stated previously, because release on parole is entirely speculative, there is no constitutional expectancy of parole in Texas. *Id.* Therefore, sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995)(changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

## V.    CERTIFICATE OF APPEALABILITY

An appeal may only be taken to the Court of Appeals from a final order in a habeas corpus proceeding if "a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he

would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed.  *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a COA.

## VI.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 10) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED**.   It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 10th day of June, 2016.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).